# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
## Lackawanna County

| For Prothonotary Use Only: |
| --- |
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Notice of Appeal
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:** William J. Willson

**Lead Defendant's Name:** Thomas Yerke

☐ Check here if you are a Self-Represented (Pro Se) Litigant

**Name of Plaintiff/Appellant's Attorney:** Andrew J. Katsock, III, Esquire

Are money damages requested?: ☒ Yes  ☐ No

Dollar Amount Requested: (Check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

Is this a *Class Action Suit*?  ☐ Yes  ☒ No

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: ____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: ____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: ____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other ____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other: ____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: ____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other ____

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: ____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: Violation of constitutional rights

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM J. WILLSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: |
| | ) |
| v. | ) |
| | ) |
| THOMAS YERKE, | ) |
| Covington Township Supervisor, | ) |
| in his personal capacity, | ) Jury Trial Demanded |
| and the BOARD OF SUPERVISORS OF | ) |
| TOWNSHIP OF COVINGTON, | ) |
| LACKAWANNA COUNTY, | ) |
| PENNSYLVANIA, DAVID PETROSKY, | ) |
| MARLENE BEAVERS and CHARLES | ) |
| LINDNER | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff, William J. Willson, hereby sues Defendant Thomas Yerke and the Township of Covington under 42 U.S.C. § 1983 for violations of the United States Constitution. As grounds therefore, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(4), as Plaintiff asserts claims arising under the Constitution and laws of United States.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims herein occurred within this judicial district.

1

## PARTIES

3. The Plaintiff, WILLIAM J. WILLSON, is a citizen of the United States and a resident of Covington Township, Pennsylvania. The Plaintiff served as a member of the Board of Supervisors of Covington Township, Lackawanna County, Pennsylvania, from 1998 until 2009.

4. At all times relevant to this lawsuit, the Defendant, THOMAS YERKE, was the chairman of the Board of Supervisors of Covington Township, Lackawanna County, Pennsylvania, with full supervisory authority. The Defendant is being both sued in his personal and business capacity for actions taken under the color of state law. His residential address is RR4, Box 4843, Moscow, PA 18444.

5. At all times relevant to this lawsuit, the Defendant, THE BOARD OF SUPERVISORS OF THE TOWNSHIP OF COVINGTON, is the governing body of the municipal corporation, operating and existing under the authority of the Commonwealth of Pennsylvania. Its main business office is located at RR#6, Box 6315, Moscow, PA 18444.

6. At all times relevant to this lawsuit, the Defendant, DAVID PETROSKY, was a member of the Board of Supervisors of Covington Township, Lackawanna County, Pennsylvania. The Defendant is being both sued in his personal and business capacity for actions taken under the color of state law. His residential address is RR6, Box 9222, Moscow, PA 18444.

7. At all times relevant to this lawsuit, the Defendant, MARLENE BEAVERS, was a member of the Board of Supervisors of Covington Township, Lackawanna

County, Pennsylvania. The Defendant is being both sued in her personal and business capacity for actions taken under the color of state law. Her residential address is RR1, Box 1453, Moscow, PA 18424.

8. At all times relevant to this lawsuit, the Defendant, CHARLES LINDNER, was a member of the Board of Supervisors of Covington Township, Lackawanna County, Pennsylvania. The Defendant is being both sued in his personal and business capacity for actions taken under the color of state law. His residential address is RR9, Box 9466, Moscow, PA 18444.

## STATEMENT OF FACTS

9. As Chairman of the Board of Supervisors of Covington Township, the Defendant Yerke administers a wide range of significant local programs and is in direct control of Township employees.

10. The Township of Covington is governed by a Board of Supervisors. The Plaintiff is a former Supervisor. The Defendant Yerke controls a majority of the Board of Supervisors, whom together operate the Township.

11. At all times relevant hereto, the Board of Supervisors of Covington Township not only approved and condoned the hereinafter mentioned actions of the Defendant, Yerke, but the Board members actually engaged in "covering-up" Yerke's improper and illegal actions.

12. Since 2007 and continuing to the present, the Defendant Yerke, engaged in a systematic course of conduct designed to harass, intimidate, threaten, embarrass

3

and put the Plaintiff in a false light within the community, and the following events, *inter alia*, are examples of some of his conduct:

---Yerke has continuously harassed and threatened the Plaintiff when the Plaintiff became an outspoken critic of the Defendant Yerke and reported, *inter alia*, that Yerke was using equipment owned by Covington Township for his own personal use; The Plaintiff's points were later substantiated by the Pennsylvania Department of Environmental Protection and the Pennsylvania State Ethics Commission, both of whom sanctioned Yerke;

---On several occasions, Yerke has left handwritten notes on and in public Covington Township buildings for all to see, calling the Plaintiff an "asshole", a "coward", "Willson is a homo and licks Van Fleet's ball bag" and "Remember the stalker is watching you---real men drive mini vans";

---Yerke, while parked in a Covington Township vehicle, on Covington Township property, simulated that he was masturbating as the Plaintiff drove by him with a school bus with students on board, which was witnessed by a school bus driver for the North Pocono School District;

---Yerke has repeatedly thrown "the finger" at the Plaintiff, in plain view of school children on Mr. Willson's bus and other passers-by of the general public, while staring directly at the Plaintiff;

---Yerke, at public Township meetings, called the Plaintiff a "coward" and challenged him to "go out in the parking lot to settle the issue";

---Yerke has continuously driven by the Plaintiff's home, in a slow and menacing manner, for no reason nor any public purpose, at all hours of the

4

day and night, repeatedly throwing "the finger" at the Plaintiff, all in an attempt to intimidate the Plaintiff;

---Yerke constantly harassed the Plaintiff while performing his duties as the "Road Master" for Covington Township, on matters unrelated to Township business and for no other good reason;

13. At all times relevant hereto while the Plaintiff was a Township Supervisor, the Board of Supervisors of Covington Township, with the direction of the Defendant Yerke, denied the Plaintiff access to the Township Solicitor Brian Yeager, locked him out of Township buildings, and even charged him for copies of Township records. As such, the acts of the Defendants denied the Plaintiff the right to function as an elected official.

14. The Plaintiff continuously advised the members of the Board of Supervisors of Covington Township of the above mentioned actions of Yerke, however, despite such knowledge, the Board of Supervisors were deliberately indifferent to the Plaintiff's claims and refused and failed to take any action to stop Yerke from continuing his course of harassment of the Plaintiff.

15. On numerous occasions, Yerke made harassing, intimidating, threatening, and embarrassing remarks to the Plaintiff, directly in the presence of the other members of the Board of Supervisors, who not only took no action to stop Yerke from continuing his course of harassment of the Plaintiff, but actually denied hearing Yerke's statements.

16. All of the before mentioned actions and/or inactions of the Defendants regarding Plaintiff were not related to any official township business nor related to any legitimate Covington Township function or purpose.

17. The negative actions against the Plaintiff were orchestrated by Defendant Yerke as an attempt to silence the Plaintiff from exposing Yerke's violations of law.

18. The Defendants' actions, inactions and activities against the Plaintiff were an inappropriate use of Township resources and constituted wrongful acts.

## COUNT I

### (First Amendment Retaliation)

19. Plaintiff realleges paragraphs 1 through 18 as if fully stated herein.

20. All acts of the Defendants, their agents, servants, employees, or persons acting at their behest or direction, as alleged herein, were done under the color and pretense of state law.

21. Plaintiff enjoys the right to freedom of expression as guaranteed by the First Amendment to the United States Constitution.

22. Plaintiff was exercising this basic right of freedom of expression when he raised questions concerning the Defendant Yerke's performance and actions as a Covington Township Supervisor.

23. The Defendants, acting under color of state law, violated Plaintiff's First Amendment rights by taking actions adverse to Plaintiff as a direct and proximate result of and in retaliation for Plaintiff's exercise of his First Amendment rights.

24. The Defendants acted knowingly, willfully and/or maliciously, and with the specific intent to deprive Plaintiff of his constitutional rights and/or with deliberate indifference to Plaintiff's constitutional rights.

25. The Defendants' actions in retaliation for Plaintiff's exercise of his First Amendment rights are sufficient to chill or silence a person of ordinary firmness from future First Amendment activities.

26. As direct and proximate result of these violations of his constitutional rights, Plaintiff suffered substantial damages, including emotional distress, harassment, personal humiliation, and embarrassment.

## COUNT II

(Fourteenth Amendment Right to Privacy)

27. Plaintiff realleges paragraphs 1 through 26 as if fully stated herein.

28. All acts of the Defendants, their agents, servants, employees, or persons acting at their behest or directions, as alleged herein, were done under the color and pretense of state law.

29. Plaintiff has a constitutionally protected right to privacy under the Fourteenth Amendment to the U.S. Constitution.

30. The Defendants' actions regarding the Plaintiff were not related to any official Township business.

31. Plaintiff's right to privacy was violated by the Defendants' actions as set for above.

32. The harassment and other actions of the Defendant Yerke, and the actions and/or inactions of the Board of Supervisors as described herein, had a substantial detrimental effect on the Plaintiff's employment and psychological well-being.

33. The Defendants acted knowingly, willfully and/or maliciously, and with the specific intent to deprive Plaintiff of his constitutional rights and/or with deliberate indifference to Plaintiff's constitutional rights.

34. As direct and proximate result of the violation of his constitutional rights, Plaintiff suffered substantial damages, including emotional distress, harassment, personal humiliation, and embarrassment.

## COUNT III

(Violation of Plaintiff's Due Process Rights and Rights to Equal Access to Justice)

35. Plaintiff realleges paragraphs 1 through 34 as if fully stated herein.

36. Defendants' actions as hereinbefore described violated Mr. Willson's Due Process rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution under 42 U.S.C. 1983.

37. By such conduct of the Defendants, the Plaintiff was denied notice of accusation and the right to confront his accusers.

38. The Plaintiff was deprived of significant liberty and property interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT IV

(Violation of Associational Rights)

39. Plaintiff realleges paragraphs 1 through 38 as if fully stated herein.

40. As hereinbefore mentioned, the Defendants violated the Plaintiff's rights of associational, familial and personal privacy and liberty under the First, Ninth and Fourteenth Amendments to the United States Constitution under 42 U.S.C. 1983.

## COUNT V

(Violation of the Security and Privacy of Plaintiff's Home
Under the Fourth Amendment)

41. Plaintiff realleges paragraphs 1 through 40 as if fully stated herein.

42. The Defendant Yerke and employees of the Township of Covington, under the direction of Defendant Yerke, violated the Plaintiff's rights to the security and privacy of his home, and of persons located therein, under the Fourth (through the Fourteenth Amendment) Amendment to the United States Constitution.

## COUNT VI

(Conspiracy to Deprive Federally-Protected Rights)

43. Plaintiff realleges paragraphs 1 through 42 as if fully stated herein.

44. The Defendant Board of Supervisors of Covington Township, as a group and individually, failed to prevent the illegal actions of Yerke, despite having actual knowledge of the same, and therefore conspired with Yerke to deprive Mr. Willson of his Federally-protected rights in violation of 42 U.S.C. 1985 and 1986.

## COUNT VII

### (Invasion of Privacy)

45. Plaintiff realleges paragraphs 1 through 44 as if fully stated herein.

46. The Defendant Yerke invaded the personal seclusion and solitude of Plaintiff.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

WHEREFORE, the Plaintiff prays for judgment against the defendants and each of them, jointly and severally, in a sum in excess of $75,000.00, costs of this action, punitive damages, attorney's fees, and such other relief as the court deems proper.

Respectfully submitted,

*[signature]*

ANDREW J. KATSOCK, III, Esquire
Attorney for Plaintiff
15 Sunrise Drive
Wilkes-Barre, PA 18705
(570) 829-5884